UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-CV-0358-CVE-TLW |
| ) | |
| BIXBY INVESTORS, L.P., and ) | |
| HUNT PROPERTIES, INC., and ) | |
| TULSA COUNTY, OKLAHOMA, ) | |
| by and through the Board of County ) | |
| Commissioners of the County of Tulsa, and ) | |
| DENNIS SEMLER, ) | |
| County Treasurer of Tulsa County, Oklahoma, ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Remand and Brief in Support (Dkt. # 12). Defendants Bixby Investors, L.P. (Bixby) and Hunt Properties, Inc. (Hunt) (collectively the removing defendants) removed this case from the District Court of Tulsa County, State of Oklahoma on June 8, 2011 on the basis of diversity jurisdiction. Dkt. # 2. Plaintiff asks this Court to remand the case on the ground that one of the defendants is a resident of the forum state and, thus, this case was not removable under 28 U.S.C. § 1441(b). The removing defendants argue that the forum defendant is a nominal party and, as such, should be disregarded for removal purposes.

**I.**

On or about July 27, 2007, Bixby executed a promissory note in the principal amount of $7,030,500 payable to Colonial Bank, N.A. Dkt. #7-1, ¶ 9. Plaintiff Branch Banking and Trust Company (Branch) is the successor in interest to Colonial Bank and is the current holder of the note. Id. ¶¶ 9-10. Loan modification agreements were subsequently executed on July 27, 2010 and October 27, 2010. Id. Plaintiff alleges that the principal amount currently due on the note is

$4,166,342.44, plus interest, late fees, and environmental and appraisal fees.  Id. ¶ 13. Contemporaneously with the execution of the note, Hunt executed a guaranty which unconditionally guaranteed payment of the note and any future modifications thereof.  Id. ¶ 22.

In order to secure its obligations under the note, Bixby executed a mortgage dated July 27, 2007 in favor of Colonial Bank.  Id. ¶ 16.  The mortgage covers real property in Tulsa County and was filed with the county clerk on July 31, 2007.  Id. ¶¶ 16-17.  Branch acquired the mortgage from Colonial Bank along with the note.  Id. ¶¶ 10, 16.  The mortgage was modified on July 27, 2010 and October 27, 2010, and each modification was filed with the county clerk.  Id. ¶ 16.

Plaintiff brought suit in state court on May 6, 2011 alleging that Bixby has defaulted on the note and seeking payment thereunder.  Plaintiff also seeks to enforce the mortgage and the guaranty. Also named as defendants are Tulsa County, by and through the Board of County Commissioners, (County Board) and Dennis Semler, the Treasurer of Tulsa County (County Treasurer) (collectively the County defendants).  In the petition, plaintiff states that the County Board and the County Treasurer "may have an interest in the Property [covered by the mortgage] by virtue of unpaid real estate taxes."  Id. ¶ 19.  Thus, the petition "demands that the Defendant Tulsa County Treasurer answer and state the amount of unpaid real estate taxes, if any."  Id.  This is the only relief sought from the County defendants in the petition.  The petition further states that any proceeds from a judicial sale of the property would be applied first to the unpaid real estate taxes before being used to satisfy any debt to plaintiff.  Id. at 5.

The County Treasurer filed an answer in state court on May 18, 2011.  See Dkt. 12 at 4. However, that answer was not included in the state court record submitted by the removing defendants with their notice of removal.  Dkt. ## 2, 7.  Nor was the County Treasurer's answer attached to any of the briefs submitted in connection with this motion.  Regardless, both Plaintiff

2

and the removing defendants agree that the County Treasurer's answer stated that the County Treasurer has a prior and superior lien on the property due to the unpaid real estate taxes. See Dkt. # 12 at 5, Dkt. # 13 at 3. Furthermore, there does not appear to be a dispute that the amount of the past due real estate taxes is approximately $85,000 plus costs and interest. See Dkt. 13 at 3, Dkt. 14 at 2. While the County Treasurer did not respond to the motion to remand, these representations of its position are supported by a paragraph in a joint status report, signed by the attorney for the County Treasurer, which states that the County Treasurer "is asserting a first and prior claim against the property which is the subject of the mortgage foreclosure proceeding for unpaid real property taxes for 2010 in the amount of $85,644.28 plus accruing costs and interest thereon . . ." Dkt. 19 at 2.

Both the plaintiff and the removing defendants state that the County Board has disclaimed any interest in this litigation. Dkt. 12 at 3, Dkt. 13 at 3. While a document containing such disclaimer has not been provided in the record, the Court presumes this to be the case as both plaintiff and the removing defendants state as such.

Defendants Bixby and Hunt filed an answer to the petition in state court on May 26, 2011 (see Dkt. # 7-4) and then removed the action to this Court on June 8, 2011. Dkt. # 2. Plaintiff filed the motion to remand on June 17, 2011 alleging that, because the County Treasurer is a resident of Oklahoma, removal was improper under 28 U.S.C. § 1441(b).[1] The removing defendants argue that the County Treasurer is a nominal defendant with no real interest in the outcome of this litigation and, as such, his citizenship should be ignored for removal purposes. As noted above, neither the County Treasurer nor the County Board has responded to the motion to remand.

---

[1]   Plaintiff also argues that, should the Court find any uncertainty as to whether the County Treasurer is a nominal party, such uncertainty should be resolved in favor of remand. Dkt. 12 at 6. However, the Court does not find any uncertainty on this issue.

## II.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). However, when the federal court's original jurisdiction is based on diversity of citizenship, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see also Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005).

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished).[2]

## III.

Plaintiff is a foreign corporation incorporated under the laws of North Carolina. Dkt. 7-1 ¶ 1. Defendant Bixby is a Texas limited partnership and Defendant Hunt is a Texas corporation.

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Id. ¶¶ 2-3. The County defendants are both citizens of Oklahoma. Dkt. 12 at 1. Therefore, the requirement of complete diversity under 28 U.S.C. § 1332 has been met. As it is undisputed that the amount in controversy exceeds $75,000, this requirement is also satisfied. However, plaintiff argues that because the County Treasurer is a citizen of the forum state, the action was not removable under 28 U.S.C. § 1441(b). The removing defendants argue that the County Treasurer is a nominal party only and thus his citizenship does not prevent removal.[3]

In determining questions of removability "courts look only to the residence of 'real and substantial parties to the controversy' and 'must disregard nominal or formal parties.'" Chesapeake Exploration LLC v. BP Am. Prod. Co., No. 10-CV-519-HE, 2010 WL 2891668, at *2 (W.D. Okla. July 21, 2010) (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460-61 (1980)); see also Cole v. Cont'l Oil Co, 240 F. Supp. 642, 645 (W.D. Okla. 1965) ("In determining questions of removability only indispensable and necessary parties are considered. Nominal or formal parties are disregarded."). "There is no mechanical or bright line rule for determining when a party should be viewed as merely nominal and the courts of appeal have analyzed the question in different ways." Chesapeake Exploration LLC, 2010 WL 2891668, at *2.

The Tenth Circuit has not articulated a specific test for determining whether a party is nominal for removal purposes. However, courts within the Tenth Circuit have relied on the considerations taken into account in other circuits, which the Court finds persuasive here. The Fifth Circuit has stated that:

---

[3]  The parties appear to agree that because the County Board has disclaimed an interest in this litigation, it is a nominal party. As such, the Court will not consider the citizenship of the County Board for purposes of deciding the motion to remand. See Insured Aircraft Title Serv., Inc. v. Emmons Aviation, L.L.C., No. 05-CV-1031-C, 2005 WL 2994279, at *2 (W.D. Okla. Nov. 8, 2005) (holding that citizenship of party who disclaimed all rights was immaterial for determining jurisdiction).

> To establish that non-removing parties are nominal parties, the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court. In determining whether a party is nominal, a court asks whether in the absence of the party, the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable. Additionally, a party is nominal if its role is restricted to that of a depository or stakeholder, e.g., one who has possession of the funds which are the subject of the litigation. The test is not dependant [sic] on how plaintiff labels its complaint, but rather on the practical effect of a judgement on a given defendant. Equity is the major concern in this inquiry.

In re Beazley Ins. Co., No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (internal quotations omitted).

The Seventh Circuit has stated that a nominal defendant is one who "has no interest in the subject matter litigated. His relation to the suit is merely incidental and it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]." S.E.C. v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991). Similarly, the Ninth Circuit has stated that a "defendant is a nominal party where his role is limited to that of a stakeholder or depositary." Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986).

In the present case, it is undisputed that the County Treasurer's tax lien on the property is superior to the mortgage held by plaintiff. Dkt. 7-1 at 5, Dkt. 13 at 3, Dkt. 14 at 2. As such, the County Treasurer's lien will not be affected by the outcome of this litigation. If the Plaintiff were to prevail on the merits and a foreclosure sale were to take place, the parties admit that any funds due to the County Treasurer would be taken out of the proceeds of the sale before any payment would be made to plaintiff. Similarly, if the removing defendants prevail on the merits, it would not have any effect on the tax lien, which would still remain pending. In other words, it is undisputed that the County Treasurer is entitled to the amount owed him regardless of the outcome of this

litigation. It is of no moment to the County Treasurer whether that money is paid as a result of a foreclosure sale ordered by this Court or through the normal statutory procedure.

In addition, plaintiff has not made any legal claim against the County Treasurer, nor does plaintiff request any relief from the County Treasurer other than a statement of the amount of taxes owed. Even if there were claims pending against the County Treasurer, this Court has no authority to enforce or alter a tax lien. "Once the state's lien attaches by assessment of a property, it cannot be divested by a later judicial sale. . . . [A] judgment may foreclose a mortgage lien, order the land be sold, and direct disbursement of the sale proceeds, but the tax lien cannot be swept aside and held for naught." Gotham Hotels, Ltd. v. Wilson, 601 P.2d 1209, 1212 (Okla. Civ. App. 1979) (holding that a judgment was a "nullity" where it purported to adjudicate the amount of property taxes due).

For these reasons, this Court finds that the County Treasurer does not have any substantive rights at stake in this litigation. Furthermore, a judgment determining the rights and obligations between plaintiff and the removing defendants would not be unfair or inequitable to the County Treasurer. This position is supported by the fact that the County Treasurer has not responded to the motion to remand. Because the County Treasurer has no substantive rights at stake in this litigation, the Court finds that he is a nominal party. See Chesapeake Exploration LLC, 2010 WL 2891668, at *3 (holding that consultants were nominal parties where they had "no stake in the ultimate determination of the substantive controversy" and the disposition of the case would not "affect the consultants in any substantive way"); see also NPI, Inc. v. Pagoda Ventures, Ltd., No. 08-CV-346-TCK-SAJ, 2008 WL 3387467, at *7-8 (N.D. Okla. Aug. 8, 2008) (holding that issuer of letters of credit was not nominal party because there were allegations of fraud against it and disposition of its funds would be directly affected by judgment); Red Cloud Assets, LLC v. Harris Aviation, LLC, No. 11-CV-282-D, 2011 WL 1871166, at *3 (W.D. Okla. May 16, 2011) (holding that escrow agent

7

was not nominal party where plaintiffs accused it of misconduct and sought relief against it).

Plaintiff argues that the County defendants cannot be nominal parties because they were necessary and indispensable parties to the litigation and it would have been "malpractice" not to name them as defendants. Dkt. # 14 at 2. However, plaintiff does not cite any authority supporting this proposition. Plaintiff argues that the Oklahoma statute governing judgment in a foreclosure suit requires that any party with a lien on the property must be joined. The statute states that:

> In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgment or judgments shall be rendered for the amount or amounts due as well *to the plaintiff as other parties to the action having liens upon the mortgaged premises* by mortgage or otherwise, with interest thereon, and for sale of the property charged and the application of the proceeds . . .

Okla. Stat. tit. 12, § 686 (2010) (emphasis added). This statute merely states that a court entering a judgment must state the amounts due to each party that has already been named in the action. It does not require that every party who has a lien on the property must be joined as a party. While it may be prudent for plaintiff to have joined every party with a lien on the property, plaintiff has not cited any authority showing that it was mandatory.

Plaintiff further urges this Court to find that a party can be a real party in interest even when no claims have been asserted against it. In support of this proposition, plaintiff cites Cole, wherein plaintiff leased mineral rights to the forum defendant, who then assigned those rights to the removing defendants. Plaintiff sued for cancellation of the lease. The removing defendants argued that the forum defendant was a nominal defendant because no cause of action was brought against him. However, the court held that, because the forum defendant retained an interest in the property in the form of a production payment, a judgment cancelling the lease could not be entered without

affecting his substantive interest. The court stated that "the cancellation of the lease sought by plaintiff would destroy his production payment thereunder." 204 F. Supp. at 645. This is not the situation in the present case where, as noted above, a judgment will not affect the substantive rights of the County Treasurer to collect under the tax lien.

Because the Court finds that the County Treasurer is a nominal defendant, the fact that he is an Oklahoma citizen is disregarded for purposes of removal. See Chesapeake Exploration LLC v. BP Am. Prod. Co., 2010 WL 2891668, at *2. As such, the removal of this case was not improper under 28 U.S.C. § 1441(b).

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand and brief in support (Dkt. # 12) is **denied**.

**DATED** this 16th day of September, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

9